IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| ANNA BEAVON GRAVELY, | |
| --- | --- |
| Plaintiff, | |
| v. | CASE NO.: 5:20-CV-00197-D |
| AMERICANS FOR PROSPERITY, | |
| Defendant. | |

## ANSWER TO COMPLAINT

Defendant Americans for Prosperity ("Defendant" or "AFP") responds to Plaintiff Anna Beavon Gravely's ("Plaintiff") Complaint as follows:

## PARTIES

1. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Defendant states that it removed Plaintiff's case to this Court from Wake County Superior Court, General Court of Justice, and admits that personal jurisdiction and subject-matter jurisdiction are proper before this Court. Defendant specifically denies that Plaintiff was subjected to any discriminatory or retaliatory conduct.

1

5.  Defendant states that it removed Plaintiff's case to this Court from Wake County Superior Court, General Court of Justice, and admits that this Court is the proper venue.

## GENERAL ALLEGATIONS

6.  Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.  Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.  Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.  Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff's responsibilities as Deputy State Director of AFP-NC included "managing AFP-NC business coalitions," "internal and external communications for the branch," and "speaking on the record on behalf of AFP-NC." Except as expressly admitted herein, the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff received an annual salary increase in August 2017 and an incentive bonus in December 2017. Except as expressly admitted herein, the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff, Mr. Byron, and Mr. Joffrion dined together in early 2017. Except as expressly admitted herein, the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits that Chris McCoy was selected for the State Director position. Defendant is without sufficient information to admit or deny the remaining allegations contained in this paragraph and therefore denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant is presently without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant admits that Plaintiff and Mr. Joffrion spoke on the phone in March 2018 to discuss the reasons for the hiring decision. Except as expressly admitted herein, the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint are denied.

39. Defendant admits the allegations contained in Paragraph 39 of the Complaint.

40. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant admits that it maintains a performance review system that utilizes "Situation-Behavior-Outcome" ("SBO"). Except as expressly admitted herein, the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint are denied.

42. Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43. Defendant admits the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant admits that Plaintiff questioned Mr. Joffrion about her path forward. Except as expressly admitted herein, the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint are denied.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the allegations contained in Paragraph 47 of the Plaintiff's Complaint.

48. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the allegations contained in Paragraph 48 of the Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant admits the allegations contained in Paragraph 52 of the Complaint.

53. Defendant admits that Plaintiff told Ms. Pittaluga of alleged feedback she had received from Ms. Oelke. Except as expressly admitted herein, the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint are denied.

54. Defendant admits the allegations contained in Paragraph 54 of the Complaint.

55. Defendant admits that Plaintiff spoke with Ms. McCarthy on March 19, 2018 about the State Director position. Except as expressly admitted herein, the remaining allegations contained in Paragraph 55 of Plaintiff's Complaint are denied.

56. Defendant admits that Plaintiff spoke with Ms. McCarthy again after March 19, 2018 and informed her that Ms. Oelke allegedly told Plaintiff that Mr. Joffrion admitted Plaintiff "was more qualified and could do the job, that that he was giving the job to a less qualified man." Defendant specifically denies that Mr. Joffrion made such comments to Ms. Oelke. Except as expressly admitted herein, the remaining allegations contained in Paragraph 56 of Plaintiff's Complaint are denied.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 59 of Plaintiff's Complaint and therefore denies the same.

60. Defendant admits the allegations contained in Paragraph 60 of the Complaint.

61. Defendant admits that Ms. Field could not attend the meeting and instead, Ms. Griesinger met with Plaintiff. Except as expressly admitted herein, the remaining allegations contained in Paragraph 61 of Plaintiff's Complaint are denied.

62. Defendant admits that Plaintiff and Ms. Griesinger discussed AFP's possible engagement in a constitutional amendment ballot initiative. Except as expressly admitted herein, the remaining allegations contained in Paragraph 62 of Plaintiff's Complaint are denied.

63. Defendant admits the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant admits that Plaintiff and Mr. McCoy later discussed what had transpired between Ms. Griesinger and Plaintiff. Except as expressly admitted herein, the remaining allegations contained in Paragraph 65 of Plaintiff's Complaint are denied.

66. Defendant admits the allegations contained in Paragraph 66 of the Complaint.

67. Defendant admits that at the meeting, Mr. McCoy discussed Plaintiff's issue with humility. Except as expressly admitted herein, the remaining allegations contained in Paragraph 67 of Plaintiff's Complaint are denied.

68. Defendant admits that Mr. McCoy informed Plaintiff that her behavior had caused strained relations with other groups within AFP and with AFP-NC's team members and that her behavior toward Ms. Griesinger at their June 15 meeting was "rude." Except as herein admitted, the remaining allegations in Paragraph 68 of Plaintiff's Complaint are denied.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant is without sufficient information to admit or deny whether Plaintiff was "stunned by the abrupt restriction of her responsibilities" and therefore denies the same. Except as herein admitted, the remaining allegations in Paragraph 70 of Plaintiff's Complaint are denied.

71. Defendant admits that Plaintiff was out of the office from July 16 through July 23, 2018 on previously scheduled time off. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 71 of Plaintiff's Complaint and therefore denies the same.

72. Defendant admits the allegations contained in Paragraph 72 of the Complaint.

73. Defendant admits that on July 26, 2018, Mr. McCoy informed Ms. Gravely that her lack of regard for collaborating had led to a decrease in her performance. Except as herein admitted, the remaining allegations in Paragraph 73 of Plaintiff's Complaint are denied.

74. Defendant admits the allegations contained in Paragraph 74 of the Complaint.

75. Defendant admits that it utilizes Performance Improvement Plans ("PIP") to communicate certain performance deficiencies. Defendant is without sufficient information to admit or deny whether Mr. Bryson made the statement contained in Paragraph 75 of Plaintiff's

Complaint and therefore denies the same. Except as herein admitted, the remaining allegations in Paragraph 75 of Plaintiff's Complaint are denied.

76. Defendant admits that a PIP contains performance or other benchmarks and is effective for a specific period of time. Except as herein admitted, the remaining allegations in Paragraph 76 of Plaintiff's Complaint are denied.

77. Defendant admits the allegations contained in Paragraph 77 of the Complaint.

78. Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendant specifically denies that Plaintiff was subjected to any discriminatory or retaliatory conduct. To the extent the allegations of Paragraph 78 and its subparts seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with the document. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 78 of the Complaint.

79. Defendant admits that on or about August 13, 2019, the EEOC invited the parties to participate in a fact-finding conference. Except as herein admitted, Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80. To the extent the allegations of Paragraph 80 and its subparts seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with the document. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

## FIRST CLAIM FOR RELIEF
Gender Discrimination

82. Defendant incorporates by reference its response to Paragraphs 1-81 of the Complaint as if fully reinstated herein.

83. Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of the Complaint.

## SECOND CLAIM FOR RELIEF
Retaliation

90. Defendant incorporates by reference its response to Paragraphs 1-89 of the Complaint as if fully reinstated herein.

91. Defendant admits the allegations contained in Paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of the Complaint.

## THIRD CLAIM FOR RELIEF
Wrongful Discharge in Violation of North Carolina Public Policy

97. Defendant incorporates by reference its response to Paragraphs 1-96 of the Complaint as if fully reinstated herein.

98. Defendant admits the allegations contained in Paragraph 98 of the Complaint.

99. Defendant states that this Paragraph sets forth legal conclusions and questions of law to which no response is required.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of the Complaint.

## PRAYER FOR RELIEF

Answering the allegations contained in the entirety of Plaintiff's prayer for relief, which begins with the word "**WHEREFORE**," Defendant denies that Plaintiff is entitled to the relief sought, or to any relief.

## SEPARATE AND DISTINCT DEFENSES

Defendant alleges the following defenses as to each and every cause of action asserted in the Complaint unless specified otherwise. By pleading these defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff. Furthermore, all such defenses as pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Defendant reserves the right to assert additional defenses as they become evident through further discovery and/or investigation.

## FIRST DEFENSE

Some or all of the allegations contained in the Complaint fail to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Some or all of Plaintiff's claims may be barred by the relevant statute of limitations.

## THIRD DEFENSE

Defendant denies taking any action towards Plaintiff with any discriminatory or retaliatory intent. Regardless of any such alleged wrongful intent, Defendant would have taken the same actions for legitimate, non-discriminatory business reasons.

## FOURTH DEFENSE

If Defendant's employees engaged in any wrongful conduct, which Defendant denies, such employees did so on their own behalf and outside the scope of their employment with Defendant. Defendant has no such knowledge of such conduct, nor did it authorize, direct, or have reason to know or suspect that such conduct would or did occur.

## FIFTH DEFENSE

Defendant is not vicariously liable for the alleged discriminatory or wrongful employment decisions of alleged managerial agents because they are contrary to Defendant's good faith efforts to comply with the laws prohibiting discrimination and retaliation.

## SIXTH DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory behavior that may have occurred as alleged by Plaintiff, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

## SEVENTH DEFENSE

Defendant acted in good faith at all times, without intent to violate the law, and without malice or reckless indifference to the rights of Plaintiff.

## EIGHTH DEFENSE

Plaintiff's First and Second Causes of Action are barred, in whole or in part, to the extent that the allegations contained therein are not reasonably related to the claims in any charge Plaintiff filed with the Equal Employment Opportunity Commission.

## NINTH DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the doctrines of unclear hands, laches, and/or estoppel.

## TENTH DEFENSE

Plaintiff cannot recover against Defendant to the extent that Plaintiff failed to make reasonable efforts to mitigate her alleged damages. Alternatively, to the extent that Plaintiff has mitigated her alleged damages, Defendant is entitled to offset those amounts from any alleged damages.

## ELEVENTH DEFENSE

To the extent Defendant discovers information after Plaintiff's separation from employment revealing that Plaintiff engaged in misconduct during her employment with Defendant, and Defendant would have discharged Plaintiff for engaging in the misconduct had Defendant known about it before Plaintiff separated from Defendant, the after-acquired evidence doctrine bars or limits Plaintiff's claims or damages.

## TWELFTH DEFENSE

Plaintiff's claim for mental anguish or emotional distress damages are barred because any mental anguish or emotional distress was caused by factors other than Defendant's conduct.

## THIRTEENTH DEFENSE

Plaintiff cannot recover punitive damages because at no time did Defendant act with malice or reckless indifference.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred to the extent she failed to file an EEOC charge within 180 days of some or all of the alleged discriminatory or retaliatory actions.

## FIFTEENTH DEFENSE

If Defendant is found to have violated Title VII, which allegations Defendant denies, Plaintiff's request for compensatory and punitive damages is barred to the extent that it exceeds the statutory caps established by 42 U.S.C. §1981a(b)(3).

## SIXTEENTH DEFENSE

Defendant hereby gives notices that it intends to rely upon such other and further defenses that may become available or apparent during the course of litigation and hereby reserves its right to amend its answer to assert any such defenses.

WHEREFORE the Defendant prays the Court:

1. That the Plaintiff have and recover nothing of this Defendant and that the Plaintiff's action be dismissed; and

2. That the cost of this action be taxed against the Plaintiff; and

3. For such other and further relief as the Court deems just and proper.

This the 19th day of May, 2020.

                                                          */s/ Randall D. Avram*
Randall Avram (NC Bar No. 13403)
Chang Yu (NC Bar No. 53720)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: 919 420 1812
Facsimile: 919 510 6151
Email: RAvram@kilpatricktownsend.com
          AYu@kilpatricktownsend.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2020, I electronically filed the foregoing ANSWER TO COMPLAINT with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record. A copy has also been sent via U.S. First Class Mail to Plaintiff's attorneys at:

> Michael A. Kornbluth
> Joseph Hjelt
> Kornbluth Ginsberg Law Group, P.A.
> 34 Croasdaile Drive, Suite 300
> Durham, NC 27705

*/s/ Randall D. Avram*