IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-00197-D

| | |
|---|---|
| ANNA BEAVON GRAVELY,<br><br>Plaintiff,<br><br>v.<br><br>AMERICANS FOR PROSPERITY,<br><br>Defendant. | CONSENT PROTECTIVE ORDER<br>FED R. CIV. P. 26(C) |

This matter comes before the Court upon the Amended Joint Motion for Entry of Consent Protective Order of Plaintiff Anna Beavon Gravely ("Plaintiff") and Americans for Prosperity ("Defendant"), (each a "Party" and collectively, the "Parties"), in which the Parties assert that a protective order is necessary to protect the confidential and proprietary information of the Parties and the private information of the Defendant's employees. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for good cause having been shown within the meaning of Rule 26(c), and there being no objection by any Party to the entry of this Order, it is the opinion of this Court that the Joint Motion for Entry of Consent Protective Order should be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. **Scope of Protective Order.** The Parties contemplate that in the course of this litigation they shall produce to one another certain confidential documents or portions of confidential documents in their possession. The Parties to this action, and any non-party from whom discovery is sought in connection with this action (a "Designating Party"), may designate material or information, whether standalone or embodied in documents, things, deposition testimony, interrogatory answers or other materials, as "Confidential Information" if the

1

Designating Party believes in good faith that the designated material is entitled to protection under this Order.

2.  **Definitions.** The following definitions apply for purposes of this Protective Order:

A.  The term "Confidential Information" means documents and things that are confidential, proprietary, and not known to the general public, including documents or things that are or contain employee salary, earnings, or payroll information, paystubs, or any other forms of employee compensation or employee personnel files, financial, technical, or medical records and which are designated as "Confidential" in the manner described in herein. Confidential Information includes all such designated information, whether revealed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, in hearing transcripts, in responses to requests for admissions, in responses to requests for production, or otherwise made available to counsel for either Party in this action. The restrictions set forth in this Protective Order shall not apply to information and material which (a) was, is, or becomes public knowledge, in a manner that is not in violation of this Protective Order or (b) is acquired from a third party lawfully possessing such information and/or having no obligation (contract or otherwise) with regard to its disclosure.

B.  The term "document" is comprehensively defined to include electronically stored information and to otherwise be synonymous in meaning and equal in scope to the usage of the term "document" in Rule 34 of the Federal Rules of Civil Procedure which includes "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding Party into a reasonably usable form."

C. The term "Proprietary Information" means confidential business information that is not generally known to the public; for example, documents or things that contain payroll information concerning Defendant's employees, training materials developed by Defendant, or information about Defendant's customers, suppliers, or contracts that is not known to Defendant's competitors or the public.

D. The term "Qualified Person," with respect to "Confidential Information" means:

(i) the Court and its officers;

(ii) retained outside litigation counsel for a Party, their regularly-employed office staff, of counsel attorneys associated with outside litigation counsel that are providing services in connection with this case, and organizations retained by such attorneys to provide litigation support services in this action and the employees of such organizations;

(iii) the Parties (including employees of a corporate Party with a need to know such information in connection with the litigation);

(iv) persons shown on the face of the document to have authored or received it;

(v) third-party experts or consultants, and the employees of such experts and consultants who are assisting them, engaged by counsel or a Party to assist in this litigation, pursuant to the procedures in paragraph 7 below;

(vi) any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this case;

(vii) witnesses during the course of an examination on deposition or in a hearing (provided, however, that a witness or witness's counsel will not be permitted to retain a

copy of any such Confidential Information unless the witness and counsel execute a copy of the attached "Exhibit A");

(viii) law firms of record (including associated of counsel attorneys), the attorneys (both in-house and outside counsel) representing any party in this action, the paralegals and assistants engaged with such counsel in the litigation of this action, and the employees of the law firms of record to the extent necessary for the litigation of this action; and

(ix) such other persons as hereafter may be designated by written agreement of all Parties in this action or by Order of the Court permitting such disclosure.

3. **Designation of Material as "Confidential Information."** A Designating Party may designate material as "Confidential Information" by labeling each page containing confidential information "Confidential" or, in the case of electronically stored information produced in native format, by including "Confidential" in the file name or by labeling the disk or other media "Confidential." A Party may orally designate on the record portions of testimony during a deposition or at a hearing or other proceeding before the Court as "Confidential."

4. **Disclosure of Confidential Information Prohibited.** Confidential Information shall be kept and maintained by the Parties in a confidential manner. Material designated as Confidential Information and all summaries, compilations, notes or abstracts thereof, shall be used solely for purposes of prosecuting and defending this litigation. <u>Confidential Information shall not directly or indirectly be used for any commercial or business purpose or in any other litigation.</u> Nothing in this Protective Order limits a Designating Party's right to use or disclose its own Confidential Information in any manner.

5. **Disclosure of Confidential Information to Qualified Persons.** No one may share any Confidential Information (other than their own) with anyone other than a Qualified Person. With the exception of the Qualified Persons defined in Paragraphs 2(E)(i) – (ii), each such Qualified Person to whom Confidential Information is to be disclosed shall be given a copy of this Protective Order. With the exception of the Qualified Persons defined in Paragraphs 2(E)(i) – (ii), each such person shall execute a copy of the attached "Exhibit A;" provided, however, that a witness may be *shown* Confidential Information during the course of an examination during a deposition or hearing without signing Exhibit A. Other than to assist counsel in the preparation associated with this case, all Qualified Persons shall conform strictly to any applicable federal law and laws of the state of North Carolina related to the confidentiality of Confidential Information.

6. **Disclosure of Confidential Information to Experts or Consultants.** In the case of experts or other individuals, such as consultants, expressly retained by the Parties or their counsel of record to assist in the preparation of this litigation, the receiving Party need not disclose the identity of that expert or other individual to the Designating Party but must obtain an executed copy of the attached "Exhibit A" from that expert or individual prior to disclosing the documents to said person and shall produce a copy of "Exhibit A" executed by said person to the Designating Party within twenty-one (21) days of disclosure of the identity of the expert or other individual pursuant to any scheduling order of this Court. In no event, shall Confidential Information be provided to an expert, consultant or other individual who is currently employed by a competitor of any Party without permission from the Party in question.

7. **Non-Waiver of Privilege.** By abiding by the procedures in this Order, the Parties do not waive any legal right or privilege applicable to the Confidential Information, or to any other

request of, or discovery procedure available to, the Parties to this action. The disclosure or production of any information or documents that are subject to an objection on the basis of the attorney-client privilege or the work-product doctrine or any other privilege or immunity against discovery will not be deemed to waive a Party's claim to their privileged or protected nature or to estop the producing Party from later designating those documents as privileged or protected. The receiving Party shall return them upon request from the producing Party. Any such request must specify the type of privilege or immunity that the producing Party is asserting with respect to the documents covered by the request.

Upon receiving such a request as to specific information or documents, the receiving Party shall return the documents to the producing Party within five (5) business days, whether or not the receiving Party agrees with the claim of privilege or protection. Prior to the return or a request for the return of such documents, the receiving Party shall treat such documents as Confidential Information under this Order.

8. **Information Not Covered by this Order.** Notwithstanding anything in this Order to the contrary, the obligations of this Order shall not prohibit the use in this litigation by any Party of any information, documents, or things (for which no other obligations of confidentiality exists) that are currently and lawfully in a Party's possession, custody, or control; that later come into the possession of a Party to this action from others lawfully in the possession of such information, documents, or things who are not bound by this Order; that are in the public domain; or that are required to be disclosed by any law, regulation, order or rule of governmental authority.

9. **Resolution of Disputes.** Should the Parties disagree as to a confidentiality designation, the Parties shall meet and confer in an attempt to resolve all objections concerning the disputed designations. If counsel cannot reach an agreement regarding confidentiality

designations, the objecting Party may seek the assistance of the Court and may move the Court for a determination consistent with the Court's Instructions for Cases Assigned to the Honorable James C. Dever III or any other judge whom this action may be assigned to at that time. The material shall remain protected as "Confidential Information" under this Order unless and until the Court rules on a dispute. The objecting Party may challenge a designation at any time in the manner set forth in this paragraph. At all times, the burden of establishing the appropriate designation shall fall on the Designating Party in accordance with applicable law.

10. **The Filing of Confidential Information.** That portion of any deposition transcript, including attached exhibits, or other discovery, and that portion of any papers to be filed with the Court, including exhibits to motions, briefs or other pleadings, which discloses or incorporates documents designated as Confidential Information, shall be filed with the Court only in a manner that will continue to preserve its confidentiality and in accordance with, as applicable, the CM/ECF Administrative Procedures. Prior to filing Confidential Information, the filing party may confer with the designating party in order to determine if it is necessary to file the Confidential Information under seal. The Party seeking to file such documents or other information with the Court shall, either before the filing of the documents or contemporaneously therewith, file (A) a motion to file under seal; (B) a supporting memorandum that specifies (i) the exact document or item, or portions thereof, for which the filing under seal is requested, (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of the competing interest in access, (iv) the reasons why alternatives to sealing are inadequate, and (v) whether there is consent to the motion; and (C) a proposed order granting the motion, in accordance with Section V.G of the Court's Electronic Case Filing Administrative Policies and

Procedures Manual and Rule 79.2 the Court's Local Civil Rules, and any other applicable rules and procedures. If any person or Party fails to file Confidential Information under seal in accordance with the Court's Local Civil Rules, the Designating Party or any other person claiming confidentiality of such documents or information may request that the Court place the filing under seal. If, at any time, the Court should challenge the filing under seal of confidential documents, it shall be the burden of the Designating Party to establish why filing under seal is appropriate.

11. **The Use of Confidential Information at Trial.** The use of Confidential Information at trial will be addressed at a subsequent date in connection with pretrial procedures.

12. **Violation of this Order.** If a Party has reasonable cause to believe that a violation of this Order has occurred or is about to occur, that Party may petition this Court for appropriate relief. Entry of this Order does not prevent a Party from seeking further protection by the Court if a Party comes to believe that the protections of this Order are not adequate for particular documents.

13. **Return or Destruction of Confidential Documents.** Within sixty (60) days after the conclusion of this action, including appeals, all documents designated by any Party or non-party as containing Confidential Information shall be destroyed or delivered to counsel for the Designating Party, unless otherwise agreed to in writing. However, the law firms representing the Parties in this cause shall not be obligated to remove any documents, summaries, memoranda, attorney-work product, or pleadings from their files, to remove, delete or alter any electronic databases, or to alter any "back-up tapes" or other electronic copies of data maintained by the law firms for use to retrieve electronic data, including those maintained for the purpose of a computer system failure or other loss of data. Notwithstanding the foregoing, at the conclusion of this action,

counsel for each party may maintain one copy of all Confidential Information in that counsel's files.

14. **Disclosure Required by Law.** This Order shall not prevent disclosure as required by law or compelled by order of any court or restrict a Party's use of its own Confidential Information. Should any third party seek access to such documents or information contained therein, by request, subpoena or otherwise, the receiving Party shall, in writing, promptly notify the Party whose records are sought and provide copies of the legal process, subpoena, order or other documents requesting the disclosure of Confidential Information prior to providing any such documents or information. The notified Party may then seek by appropriate process to preclude access to those documents or information from the Parties or other person. The receiving Party shall not produce any Confidential Information for ten (10) business days after it provides notification of such request to the notified Party so as to permit the notified Party reasonable time to object to the subpoena or other request for information or take such other action as that Party deems appropriate to prevent the disclosure of confidential information.

15. **Additional Parties' Access to Confidential Documents.** In the event additional parties join or are joined in the litigation, they shall not have access to documents marked as Confidential Information until the newly joined party has executed the Agreement to Abide by Protective Order, attached as "Exhibit A" hereto.

16. **Other Provisions.** This Order shall be without prejudice to the right of any Party or non-party to oppose production of any information for lack of timeliness or relevance or materiality, as a privileged communication, or as work product of counsel, as not calculated to lead to the discovery of admissible evidence, or upon any other ground, or the right of a Party or non-party to seek to exclude any information from being used as evidence in the case. This Order shall

remain in effect and shall survive entry of a final judgment herein and the conclusion of any appeals or a settlement of the action unless amended, modified or terminated by Order of the Court.

ORDERED on this 7 day of May, 2021.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

*Prepared and consented to by:*

| KORNBLUTH GINSBERG LAW GROUP, P.A. | KILPATRICK TOWNSEND & STOCKTON LLP |
|---|---|
| */s/ Joseph E. Hjelt* | */s/ Brodie D. Erwin* |
| Michael Kornbluth (NC Bar No. 27928) | Brodie D. Erwin (NC Bar No. 44368) |
| Joseph E. Hjelt (NC Bar No. 53497) | Kayla Frederickson (NC Bar No. 51195) |
| 3400 Crossdale Drive, Suite 300 | 4208 Six Forks Road, Suite 1400 |
| Durham, NC 27705 | Raleigh, NC 27609 |
| Telephone: (919) 401-4100 | Telephone: (919) 420-1818 |
| Facsimile: (919) 401-4104 | Facsimile: (919) 710-8226 |
| Email: mkornbluth@kglaw.com | Email: BErwin@kilpatricktownsend.com |
| jhjelt@kglawnc.com | KFrederickson@kilpatricktownsend.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-00197-D

| | |
|---|---|
| ANNA BEAVON GRAVELY,<br><br>Plaintiff,<br><br>v.<br><br>AMERICANS FOR PROSPERITY,<br><br>Defendant. | AGREEMENT TO ABIDE BY CONSENT<br>PROTECTIVE ORDER<br>FED. R. CIV. P. 26(C) |

I have read the Consent Protective Order issued on the _____ day of _____, 2021 in the above-captioned case and agree to abide by its terms. Additionally, I further agree to consent to the jurisdiction and contempt power of the United States District Court for the Eastern District of North Carolina, Western Division, for the purposes of enforcement of the Consent Protective Order.

Name (signature): _____

Name (print): _____

Address: _____

City, State, Zip Code: _____

Office Telephone: _____

Home Telephone: _____

Date signed: _____